J-S04043-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| LEVAR LEONARD JONES, | : | |
| | : | |
| Appellant | : | No. 1442 MDA 2014 |

Appeal from the PCRA Order Entered August 11, 2014
in the Court of Common Pleas of Lancaster County,
Criminal Division, at No(s): CP-36-CR-0003302-1994

BEFORE:   BOWES, ALLEN, and STRASSBURGER,* JJ.

JUDGMENT ORDER BY STRASSBURGER, J.:       **FILED APRIL 13, 2016**

This matter comes before us on remand from the Pennsylvania Supreme Court, following its entry of an order vacating our affirmance of the dismissal of the petition filed by Levar Leonard Jones (Appellant) pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We now reverse the PCRA court's order, vacate Appellant's judgment of sentence, and remand for resentencing.

In 1995, Appellant was sentenced to life imprisonment without possibility of parole following his conviction for second-degree murder based upon events that took place when Appellant was 14 years old.  The order from which Appellant appealed denied his request for PCRA relief based upon the United States Supreme Court's decision in ***Miller v. Alabama***, 132 S.Ct.

---

*Retired Senior Judge assigned to the Superior Court.

2455 (2012). In that case, the Court held unconstitutional mandatory sentences of life imprisonment without possibility of parole imposed upon individuals who were juveniles at the time they committed homicides. The PCRA court determined that Appellant did not properly invoke the newly-recognized-constitutional-right exception to the PCRA's one-year timeliness requirement provided in 42 Pa.C.S. §9545(b)(1)(iii) because our Supreme Court held in **Commonwealth v. Cunningham**, 81 A.3d 1, 11 (Pa. 2013), that **Miller** does not apply retroactively. We affirmed based upon **Cunningham**. **Commonwealth v. Jones**, 120 A.3d 1067 (Pa. Super. 2015) (unpublished memorandum).

While Appellant's subsequent petition for allowance of appeal to our Supreme Court was pending, the U.S. Supreme Court decided in **Montgomery v. Louisiana**, 136 S.Ct. 718 (2016), that **Miller** announced a new substantive rule of law which applies retroactively. On February 24, 2016, our Supreme Court entered a *per curiam* order granting Appellant's petition for allowance of appeal, vacating this Court's order, and remanding for further proceedings consistent with **Montgomery**. **Commonwealth v. Jones**, No. 313 MAL 2015, 2016 WL 732094, (Pa. Feb. 24, 2016).

Under **Miller**, **Montgomery**, and this Court's decision in **Commonwealth v. Secreti**, 2016 Pa. Super. 28, 2016 WL 513341 at *5 (Pa. Super. February 9, 2016), Appellant is entitled to PCRA relief in the form of resentencing following judicial consideration of appropriate age-

related factors. ***See Commonwealth v. Batts***, 66 A.3d 286, 297 (Pa. 2013).[1]

Order reversed. Judgment of sentence vacated. Case remanded for resentencing. Jurisdiction relinquished.

Judge Allen did not participate in the consideration or decision of this judgment order.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/13/2016

---

[1] [A]t a minimum [the sentencing court] should consider a juvenile's age at the time of the offense, his diminished culpability and capacity for change, the circumstances of the crime, the extent of his participation in the crime, his family, home and neighborhood environment, his emotional maturity and development, the extent that familial and/or peer pressure may have affected him, his past exposure to violence, his drug and alcohol history, his ability to deal with the police, his capacity to assist his attorney, his mental health history, and his potential for rehabilitation.

***Batts***, 66 A.3d at 297 (quoting ***Commonwealth v. Knox***, 50 A.3d 732, 745 (Pa. Super. 2012)).